NOT FOR PUBLICATION

FILED

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JI RANG MIAO; GUIHUA WANG, | No. 05-74609 |
| Petitioners, | Agency Nos. A097-349-752 |
| v. | A097-349-753 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Ji Rang Miao and Guihua Wang, natives and citizens of China, petition for

review of a Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's ("IJ") decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), and deny the petition for review.

Substantial evidence supports the IJ's finding that the harm Miao experienced as a result of his resistance to the demolition of his home was not on account of either his political opinion or an imputed political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1488-90 (9th Cir. 1997). Because petitioners did not show a nexus to a protected ground, they failed to establish eligibility for asylum or withholding of removal based on Miao's resistance to the demolition of his home. *See Ochoa*, 406 F.3d at 1172.

Additionally, petitioners' contend they suffered persecution on account of two forced abortions. In light of the inconsistencies regarding the timing of the alleged second abortion and petitioners' lack of corroborating evidence to support their claim, substantial evidence supports the IJ's finding that petitioners' testimony regarding the abortions lacked credibility. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004); *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse

credibility finding will withstand appellate review."). In the absence of credible testimony, petitioners failed to establish eligibility for asylum or withholding of removal based on their forced abortion claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address Miao's CAT claim because he did not specifically and distinctly challenge it in his opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to raise a claim results in waiver).

**PETITION FOR REVIEW DENIED.**